IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01366-REB-BNB

CATHOLIC HEALTH INITIATIVES COLORADO d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,

Plaintiff,

v.

ROBERT C. GROSS, D.O.,

Defendant.
_____

## ORDER
_____

This matter is before me on the following:

(1)     **Defendant's Motion for Entry of Protective Order** [Doc. # 31, filed 11/10/2006] (the "Motion for Protective Order");

(2)     **Unopposed Motion for Enlargement of Time** [Doc. # 36, filed 11/22/2006]; and

(3)     **Stipulated Motion for Withdrawal of Defendant's Motion for Protective Order, for Entry of Stipulated Protective Order, and to Vacate the December 8, 2006 Hearing** [Doc. # 41, filed 12/1/2006] (the "Second Motion for Protective Order").

IT IS ORDERED that the Motion for Protective Order [Doc. # 31] is DENIED AS WITHDRAWN.

IT IS FURTHER ORDERED that the Unopposed Motion for Enlargement of Time is GRANTED.

IT IS FURTHER ORDERED that the Second Motion for Protective Order is GRANTED IN PART and DENIED IN PART as follows:

(1) GRANTED insofar as it requests that (a) the Motion for Protective Order is DENIED AS WITHDRAWN, and (b) the hearing on **December 8, 2006, at 9:00 a.m.**, is VACATED; and

(2) DENIED WITHOUT PREJUDICE insofar as it requests the entry of the proposed Protective Order [Doc. # 41-2]. The proposed Protective Order is REJECTED. The parties are granted leave to submit a revised proposed protective order consistent with the comments contained here.

In Gillard v. Boulder Valley School District, 196 F.R.D. 382 (D. Colo. 2000), I set out certain requirements for the issuance of a blanket protective order such as the one sought here. Among other things, I require that any information designated by a party as confidential must first be reviewed by a lawyer and that the designation as confidential must be "based on a good faith belief that [the information] is confidential or otherwise entitled to protection" under Fed. R. Civ. P. 26(c)(7). Gillard, 196 F.R.D. at 386. In addition, I require that the protective order contain a mechanism by which a party may challenge the designation of information as privileged. The addendum to the Gillard decision is a form of protective order which contains a provision that satisfies this requirement:

> A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an

> appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

Id. at 388-89.

The proposed Protective Order does not comply with the requirements established in Gillard. Specifically, at paragraph 9 the proposed Protective Order sets out a method for filing documents under seal that is not consistent with the procedure provided in D.C.COLO.LCivR 7.2 and 7.3. I will enter a proposed Protective Order only if it provides for the filing of materials under seal "in the manner provided for in D.C.COLO.LCivR 7.2 and 7.3."

In addition, the challenge provision contained in paragraph 12 of the proposed Protective Order does not comply with Gillard. The proposed Protective Order improperly places on the challenging party the requirement of seeking an order of the court, which is a burden which must be borne by the party designating information as Confidential and seeking to protect it from discovery.

In addition, paragraph 16 of the proposed Protective Order purports to address the inadvertent production of documents subject to the attorney-client and other privileges. It is not appropriate to address matters of privilege in a blanket order concerning confidential

information. Those issues must be addressed on an individualized basis depending on the particular facts and circumstances.

Dated December 5, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge