**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| CATHOLIC HEALTH INITIATIVES COLORADO, d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROBERT C. GROSS, D.O.,<br><br>　　　　Defendant. | Case No. 06-cv-01366-REB-BNB |
| ROBERT C. GROSS, D.O.,<br><br>　　　　Counter-Plaintiff,<br><br>v.<br><br>CATHOLIC HEALTH INITIATIVES COLORADO, d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,<br><br>　　　　Counter-Defendant. | |
| ROBERT C. GROSS, D.O.,<br><br>　　　　Third-Party Plaintiff,<br><br>v.<br><br>MEDICAL EXECUTIVE COMMITTEE OF CATHOLIC HEALTH INITIATIVES COLORADO, d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL, VICTORIA KING, M.D., GARY McKINNEY, M.D., JAMES McGUIRE, M.D., ERIC CARLSON, M.D., CHRISTOPHER HARRIGAN, M.D., and ROBERT McCURRY, D.O., and CAROLINE ROWLANDS, M.D.,<br><br>　　　　Third-Party Defendants. | |

## PROTECTIVE ORDER

Plaintiff/Counter-Defendant Catholic Health Initiatives, Colorado d/b/a Centura Health – St. Thomas More Hospital ("Hospital") and Defendant/Counter-Plaintiff Robert C. Gross, D.O. ("Dr. Gross") (collectively, the "Parties"), believe that certain information that may be sought in discovery in this litigation constitutes confidential information. To protect the confidentiality of this information, the provisions of this Protective Order shall apply.

IT IS HEREBY ORDERED THAT:

1. "Confidential Information" is any information, documents, testimony, or other discovery materials that contains, reflects, or reveals information that the designating Party believes in good faith is confidential, proprietary, commercially valuable, competitively sensitive, or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7). Any information designated by a party as "Confidential Information" must first be reviewed by a lawyer. Such confidential information may include, but is not limited to, medical records, non-public business information, personnel information, financial statements, or technical information.

2. Any Party may designate as "Attorneys' Eyes Only Information" any "Confidential Information" that the producing Party reasonably believes might, if

761071-4

      disclosed to the receiving Party or to the public, have a serious or adverse effect on the producing Party.

3. Information designated "Confidential Information" may be disclosed only to the following persons:

   a. The Court and its officers, any court reporters who transcribe testimony at hearings, trial, or depositions, and any trial jurors;

   b. Outside counsel of record for the Parties and their employees assisting with this litigation;

   c. Any in-house counsel for the Parties who has responsibility for this litigation;

   d. Dr. Gross and designated representatives of Hospital who provide direct assistance to outside counsel of record or who make strategic decisions concerning this litigation;

   e. Third-party consultants or experts retained by outside counsel of record pursuant to the procedure set forth in Paragraph 6;

   f. Anticipated witnesses at deposition or trial who authored, in whole or in part, or received the Confidential Information; and

   g. Any other person entitled to receive the Confidential Information by Court order or by written stipulation of the parties.

Prior to receiving any Confidential Information, any person within sub-part (d), (e), (f), or (g) must be provided a copy of this Stipulated Protective Order and agree to be bound by its terms by executing a copy an agreement to that effect substantially in the form of Exhibit A. Counsel obtaining such agreements shall retain them and make them available to the other Party upon request.

4. Information designated "Attorneys' Eyes Only" may be disclosed only to the persons listed in sub-parts (a), (b), (e), (f), and (g) of Paragraph 3.

5. A receiving Party or any person who has agreed to be bound by the Stipulated Protective Order shall maintain all information designated Confidential Information or Attorneys' Eyes Only Information in confidence, and shall use such information solely for purposes of this litigation or any appeals therefrom. Confidential Information and Attorneys' Eyes Only Information shall not be disclosed or revealed to anyone not authorized by this Stipulated Protective Order to receive such material.

6. If a Party wishes to disclose Confidential Information or Attorneys' Eyes Only Information to any retained third-party consultant or expert, that Party must provide, in writing, the name and address of the third party and a copy of his or her *curriculum vitae*. The other Party will have ten (10) business days to object in good faith and in writing to the disclosure of Confidential Information or Attorneys' Eyes Only Information to that third party. During that ten-day period, the Party will not show any Confidential Information or Attorneys' Eyes Only Information to the third party. If no objection is received within ten (10) business days, Confidential Information and Attorneys' Eyes Only Information may be

    disclosed. If an objection is received, the Party may seek to have the Court resolve the issue. Until the Court has resolved the issue, no Confidential Information or Attorneys' Eyes Only Information may be disclosed to that third party.

7. To designate a document or object as Confidential Information or Attorneys' Eyes Only Information, the designating Party shall affix a label or electronic mark upon the document or object that reads "Confidential Information" or "Attorneys' Eyes Only Information." A Party may correct an inadvertent omission of such a label within thirty (30) days of production by notifying the receiving Party in writing and providing a substitute copy of the document or object.

8. To designate testimony as Confidential Information or Attorneys' Eyes Only Information, the designating Party may make a statement on the record at any time during the deposition or testimony. In addition, even in the absence of a statement on the record, any deposition testimony concerning a document designated Confidential Information or Attorneys' Eyes Only Information shall be deemed Confidential Information or Attorneys' Eyes Only Information. The court reporter shall separately transcribe any portion of a deposition or testimony so designated and shall mark each such page of the transcript with the word

"CONFIDENTIAL." A Party may also make such a designation within twenty-one (21) days of receiving a copy of the transcript of such testimony, by stating in writing the pages and line numbers of confidential information. The receiving Party will maintain a copy of such designation together with each copy of the transcript. During the interim twenty-one-day period after receipt of a transcript, the Parties will treat all testimony as Attorneys' Eyes Only Information. Any third party attending a deposition may be excluded from the room for any portion of testimony involving Confidential Information or Attorneys' Eyes Only Information that the third party is not entitled to receive.

9. If a Party includes Confidential Information or Attorneys' Eyes Only Information in materials filed with the Court, it shall be filed under seal in the manner provided for in D.C.COLO. L Civ. R. 7.2 and 7.3.

10. Any other person joined in this action via counterclaim, cross-claim, or third party claim shall become a "Party" within the meaning of this Protective Order.

11. Any third party subpoenaed to produce documents or to provide testimony may designate information as Confidential Information or Attorneys' Eyes Only Information by executing a copy of this Stipulated Protective Order and agreeing to be bound thereto.

761071-4

12. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

13. A receiving Party is not prohibited from disclosing or using any otherwise Confidential Information or Attorneys' Eyes Only Information if that information:

    a.    Constitutes or becomes public knowledge;

    b.    Was acquired by the receiving party from a third party having the right to disclose such information; or

    c.    Was in the lawful possession of the receiving party prior to entry of this Stipulated Protective Order.

14. Nothing in this Stipulated Protective Order is intended to or shall be deemed to restrict or limit a Party's use or disclosure of its own Confidential Information or Attorneys' Eyes Only Information.

15. Outside counsel of record and each individual who executes Exhibit A shall ensure that all materials designated Confidential Information or Attorneys' Eyes Only Information are maintained in such a manner as to prevent disclosure except in accordance with the terms of this Stipulated Protective Order.

16. Within thirty (30) days after the conclusion of trial and appeal or any other termination of this litigation, All Confidential Information and Attorneys' Eyes Only Information shall be returned to the designating Party or destroyed.

17. In the event a person bound by this Protective Order is subpoenaed or served with legal process by a third party to produce or otherwise disclose another Party's

Confidential Information or Attorneys' Eyes Only Information, that person shall give prompt written notice to the designating Party.

18. The terms of this Stipulated Protective Order shall survive the final disposition of this litigation. The Court shall retain jurisdiction to construe, enforce, or amend the provisions of this Stipulated Protective Order.

19. This Stipulated Protective Order may be modified in writing by Court order ~~or by agreement of the Parties.~~ The Parties are entitled to seek modification of this Stipulated Protective Order by motion.

Dated December 19, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

761071-4

| | |
|---|---|
| _____ | _____ |
| Melvin B. Sabey<br>Mark L. Sabey<br>KUTAK ROCK, LLP<br>1801 California Street #3100<br>Denver, CO 80202-2626<br>(303) 297-2400<br>(303) 292-7799 (facsimile)<br><br>Counsel for Catholic Health Initiatives, Colorado d/b/a Centura Health – St. Thomas More Hospital | Susan G. Feibus<br>Lisa Sullivan<br>Anna Benjamin<br>UNGARETTI & HARRIS LLP<br>3500 Three First National Plaza<br>Chicago, Illinois 60602<br>(312) 977-4400<br>(312) 977-4405 (facsimile)<br>sgfeibus@uhlaw.com<br><br>G. Roger Bock, No. 22397<br>FRASCONA, JOINER GOODMAN AND GREENSTEIN, P.C.<br>4750 Table Mesa Drive<br>Boulder, CO 80305-5575<br>(303) 494-3000<br>(303) 494-6309 (facsimile)<br><br>**Counsel for Robert C. Gross, D.O.** |

761071-4

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| **CATHOLIC HEALTH INITIATIVES COLORADO, d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,** | ) ) ) ) |
| **Plaintiff,** | ) Case No. 2006 CV 213 |
| v. | ) |
| **ROBERT C. GROSS, D.O.,** | |
| **Defendant.** | ) |
| **ROBERT C. GROSS, D.O.,** | ) |
| **Counter-Plaintiff,** | ) |
| v. | ) |
| **CATHOLIC HEALTH INITIATIVES COLORADO, d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL, MEDICAL EXECUTIVE COMMITTEE OF CATHOLIC HEALTH INITIATIVES COLORADO, d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL, VICTORIA KNG, M.D., GARY McKINNEY, M.D., JAMES McGUIRE, M.D., ERIC CARLSON, M.D., GREGORY HARRIGAN, M.D., and ROBERT McCURRY, D.O.,** | ) ) ) ) ) ) ) ) ) ) ) |
| **Counter-Defendants.** | ) ) |

761071-4

## AGREEMENT TO TERMS OF PROTECTIVE ORDER

I, _____, having reviewed this Stipulated Protective Order entered by the Court, agree to be bound by its terms and to submit to the jurisdiction of the Court for purposes of enforcing this Order.

Dated: _____

                                                        _____

761071-4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 19, 2006, I electronically filed the foregoing Protective Order under seal using the CM/ECF system which will send electronic notification of such filing to the following:

Melvin B. Sabey
Mark L. Sabey
KUTAK ROCK LLP
1801 California Street, Suite 3100
Denver, Colorado 80202
Mark.sabey@kutakrock.com


                                      s/ Susan G. Feibus
                                      Susan G. Feibus
                                      One of the Attorneys for Robert C. Gross, D.O.
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400
(312) 977-4405 (facsimile)
sgfeibus@uhlaw.com

761071-4