IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01366-REB-BNB

CATHOLIC HEALTH INITIATIVES COLORADO d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,

Plaintiff,

v.

ROBERT C. GROSS, D.O.,

Defendant and Third-Party Plaintiff,

v.

MEDICAL EXECUTIVE COMMITTEE OF CATHOLIC HEALTH INITIATIVES
COLORADO, d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,
VICTORIA KING, M.D.,
GARY MCKINNEY, M.D.,
THOMAS MCGUIRE, M.D.,
ERIC CARLSON, M.D.,
CHRISTOPHER HARRIGAN, M.D.,
ROBERT MCCURRY, D.O., and
CAROLINE ROWLANDS, M.D.,

Third-Party Defendants.
_____

**ORDER**
_____

This matter is before me on the **Defendant/Counter-Plaintiff/Third Party Plaintiff Robert C. Gross, D.O.'s Local Rule 7.2 Motion to Place Brief In Response to Motion to Compel and In Support of Motion for Protective Order Under Seal** [Doc. # 99, filed 4/11/2007] (the "Motion to Seal").  The Motion to Seal is DENIED.

Local rule of practice 7.2A provides that "[u]pon a showing of <u>compelling reasons</u>, a judicial officer may order that . . . all or a portion of papers and documents filed in a case shall be sealed." D.C.COLO.LCivR 7.2A.1 (emphasis added). Defendant, Robert C. Gross, D.O. ("Gross"), seeks an order sealing Document # 91, which is a response to his motion to compel certain discovery, arguing:

> In the [Response], . . . Defendants extensively detail Plaintiff/Counterclaim-Defendant's and Third-Party Defendants' review of Dr. Gross' ability and competency to practice medicine. they discuss at length the peer review process and disciplinary actions imposed against Dr. Gross. In addition, they reveal personal information about Dr. Gross' finances. The information detailed in the . . . Brief is both confidential and personal.

*Motion to Seal* at ¶3.

First, the Motion to Seal is nearly incomprehensible in view of Dr. Gross' insistence on referring to parties by a string of titles--<u>i.e.</u>, Defendant/Counter-Plaintiff/Third Party Plaintiff. The parties are instructed hereafter to use direct references. The plaintiff should be referred to as "Centura"; the defendant should be referred to as "Dr. Gross" or "Gross"; and the third-party defendants should be referred to as the "Medical Executive Committee" and the individuals by name.

Second, I have reviewed the Response brief. Some of the information contained there may be personal, such as the amount of Dr. Gross' inheritance. The dispute here, however, is brought in a public court. I find that there is no compelling reason to seal from public view anything contained in the Response brief.

IT IS ORDERED that the Motion to Seal is DENIED.

Dated May 1, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge