IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01366-REB-BNB

CATHOLIC HEALTH INITIATIVES COLORADO d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,

Plaintiff,

v.

ROBERT C. GROSS, D.O.,

Defendant and Third-Party Plaintiff,

v.

MEDICAL EXECUTIVE COMMITTEE OF CATHOLIC HEALTH INITIATIVES COLORADO, d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,
VICTORIA KING, M.D.,
GARY MCKINNEY, M.D.,
THOMAS MCGUIRE, M.D.,
ERIC CARLSON, M.D.,
CHRISTOPHER HARRIGAN, M.D.,
ROBERT MCCURRY, D.O., and
CAROLINE ROWLANDS, M.D.,

Third-Party Defendants.
_____

**ORDER**
_____

This matter is before me on the **Unopposed Motion to Amend Scheduling Order** [Doc. # 119, filed 5/15/2007] (the "Motion"). The parties request extensions of most pretrial deadlines of approximately 55 days. Many of the deadlines previously were extended. See *Order* [Doc. #63, filed 2/1/2007]; *Order* [Doc. #83, filed 3/26/2007]. The Motion is DENIED.

The district judge has set the matter for a trial preparation conference on November 16, 2007, and for trial beginning December 17, 2007.  The parties seek, among other things, to extend the dispositive motion deadline from July 31, 2007, to September 25, 2007.  I anticipate that the district judge will rule on all dispositive motions, at the latest, at the trial preparation conference on November 16.  Consequently, a motion for summary judgment filed on September 25, 2007, without any extensions of time in connection with the briefing, would be at issue on October 30, 2007.  That would leave the district judge only 16 days to review the motion and rule.  This is a complex case, and any dispositive motions will be similarly complex.  Sixteen days is an unreasonably short period of time for the district judge to rule.

The defendant argues that the extension is appropriate because the third party defendants, MEC and its members, have improperly asserted a peer review privilege; he has moved to compel with respect to withheld information; and the issue "has not been resolved."  *Motion* at p.2.  I disagree that the peer review issue is not resolved.  I previously denied the defendant's motion to compel.  *Order* [Doc. #102, filed 4/13/2007].  Although the defendant has asked for reconsideration of that order and reserved his right to file an objection with the district judge, I view the matter as decided until and unless it is modified on reconsideration or objection.  See Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 656-57 (D. Colo. 2001)(holding that there is no automatic stay of magistrate judge's discovery order pending resolution of objection by district judge).

A scheduling order may be amended only upon a showing of good cause.  Fed. R. Civ. P. 16(b). The Advisory Committee Notes to Rule 16 explain the meaning of good cause in this context:

2

> [T]he court may modify the schedule on a showing of good cause if
> it cannot reasonably be met despite the diligence of the party
> seeking the extension. Since the scheduling order is entered early in
> the litigation, this standard seems more appropriate than a "manifest
> injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend. Good cause also is described in <u>Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.</u>, 986 F. Supp 959, 980 (D.S.C. 1997), <u>aff'd</u>, 129 F.3d 116 (4th Cir. 1997), as follows:

> Rule 16(b) does not focus on the bad faith of the movant, or the
> prejudice to the opposing party. Rather, it focuses on the diligence
> of the party seeking leave to modify the scheduling order to permit
> the proposed amendment. Properly construed, "good cause" means
> that scheduling deadlines cannot be met despite a party's diligent
> efforts. . . . Carelessness is not compatible with a finding of
> diligence and offers no reason for a grant of relief.

(Internal citations omitted.)

I find that the parties have failed to establish good cause sufficient to warrant the requested extensions of the deadlines established in the scheduling order and the orders previously modifying it.

IT IS ORDERED that the Motion is DENIED.

Dated May 17, 2007.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge