IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01366-REB-BNB

CATHOLIC HEALTH INITIATIVES COLORADO d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,

Plaintiff,

v.

ROBERT C. GROSS, D.O.,

Defendant and Third-Party Plaintiff,

v.

MEDICAL EXECUTIVE COMMITTEE OF CATHOLIC HEALTH INITIATIVES
COLORADO, d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,
VICTORIA KING, M.D.,
GARY MCKINNEY, M.D.,
THOMAS MCGUIRE, M.D.,
ERIC CARLSON, M.D.,
CHRISTOPHER HARRIGAN, M.D.,
ROBERT MCCURRY, D.O., and
CAROLINE ROWLANDS, M.D.,

Third-Party Defendants.
_____

**ORDER**
_____

This matter is before me on the following:

(1)     **Emergency Motion for Reconsideration of Order Limiting Robert C. Gross,**

**D.O.'s Continued Depositions of Lauri Martin and C. Ray Honaker** [Doc. # 236, filed

10/9/2007] (the "Motion to Reconsider"); and

(2)     **Motion to Summarily Deny Emergency Motion for Reconsideration of Order**

**Limiting Robert C. Gross, D.O.'s Continued Depositions of Lauri Martin and C. Ray Honaker** [Doc. # 238, filed 10/10/2007] (the "Motion to Summarily Deny").

The Motion to Reconsider is DENIED, and the Motion to Summarily Deny is GRANTED.

Although not expressly recognized by the Federal Rules of Civil Procedure, motions to reconsider are appropriate in certain limited circumstances. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). They are not, however, a mechanism for a party to reargue, potentially interminably, matters previously presented and decided. To the contrary:

> The court has the opportunity upon a motion for reconsideration to correct manifest errors of law or fact and to review newly discovered evidence. Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position, the facts or the law, or mistakenly has decided issues outside of those the parties presented for determination. It is inappropriate for new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed.

Pizza Management, Inc. v. Pizza Hut, Inc., 1989 WL 89937 *1 (D. Kan. July 19, 1989)(internal quotations and citations omitted).

I previously ruled that "it is not a judicial function to peruse two depositions . . . to determine the questions a party might think should have been answered." Motion to Reconsider at Exh.A [Doc. # 236-2], p.17 at lines 10-14. That ruling was correct. Moreover, I agree with the plaintiffs when they state:

> Gross asserts that his motion to compel, in a footnote, "referenced additional questions that Martin and Honaker improperly were instructed not to answer." The footnote did not specifically

2

>reference any additional questions. Rather it referenced the Court
>to 79 pages of deposition testimony, with no line citations and no
>discussion. Apparently, Gross expected the Court and opposing
>parties to peruse those 79 pages in an effort to guess or divine
>which questions Gross felt should have been answered and why. . . .
>
>Gross has attempted to place a greater burden on others than he
>himself was willing to carry. It was his burden to specifically
>identify the questions, by page and line, and to provide a meaningful
>discussion.

Motion to Summarily Deny at ¶¶4-5.

    IT IS ORDERED that the Motion to Reconsider is DENIED.

    IT IS FURTHER ORDERED that the Motion to Summarily Deny is GRANTED.

    Dated October 10, 2007.

                                                        BY THE COURT:

                                                        s/ Boyd N. Boland
                                                        United States Magistrate Judge