IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01366-REB-BNB

CATHOLIC HEALTH INITIATIVES COLORADO d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,

Plaintiff,

v.

ROBERT C. GROSS, D.O.,

Defendant and Third-Party Plaintiff,

v.

MEDICAL EXECUTIVE COMMITTEE OF CATHOLIC HEALTH INITIATIVES
COLORADO, d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,
VICTORIA KING, M.D.,
GARY MCKINNEY, M.D.,
THOMAS MCGUIRE, M.D.,
ERIC CARLSON, M.D.,
CHRISTOPHER HARRIGAN, M.D.,
ROBERT MCCURRY, D.O., and
CAROLINE ROWLANDS, M.D.,

Third-Party Defendants.
_____

**ORDER**
_____

This matter is before me on the following motions:

(1) Plaintiff's **Motion for Leave to File Second Amended Affirmative Defenses**

[Doc. # 209, filed 9/7/2007] (the "Motion to Amend"); and

(2) **Robert C. Gross, D.O.'s Second Motion to Compel Discovery Responses**

[Doc. # 220, filed 9/14/2007] (the "Motion to Compel").

I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here.

In each instance, the parties seek to extend deadlines contained in the scheduling order as amended. The plaintiff seeks to extend the deadline for moving to amend, and Dr. Gross seeks to extend the discovery cut-off.

A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. <u>Washington v. Arapahoe County Dept. of Social Services</u>, 197 F.R.D. 439, 441 (D. Colo. 2000). To the contrary, a scheduling order may be amended only upon a showing of good cause. Fed. R. Civ. P. 16(b). The Advisory Committee Notes to Rule 16 explain that good cause in this context means that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Advis. Comm. Notes for 1983 Amend. Good cause also is defined in <u>Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.</u>, 986 F. Supp 959, 980 (D.S.C. 1997), <u>aff'd</u>, 129 F.3d 116 (4th Cir. 1997), as follows:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(Internal citations omitted.)

For the reasons stated in greater detail on the record this afternoon, I find that the parties have failed to establish good cause sufficient to warrant the requested extensions of the deadlines established in the scheduling order as modified.

IT IS ORDERED that the Motion to Amend and the Motion to Compel are DENIED.

Dated October 29, 2007.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge