IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01366-REB-BNB

CATHOLIC HEALTH INITIATIVES COLORADO d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,

Plaintiff,

v.

ROBERT C. GROSS, D.O.,

Defendant and Third-Party Plaintiff,

v.

MEDICAL EXECUTIVE COMMITTEE OF CATHOLIC HEALTH INITIATIVES COLORADO, d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL,
VICTORIA KING, M.D.,
GARY MCKINNEY, M.D.,
THOMAS MCGUIRE, M.D.,
ERIC CARLSON, M.D.,
CHRISTOPHER HARRIGAN, M.D.,
ROBERT MCCURRY, D.O., and
CAROLINE ROWLANDS, M.D.,

Third-Party Defendants.
_____

**ORDER**
_____

This matter is before me on the following:

(1) **Robert C. Gross, D.O.'s Motion for Fees and Costs** [Doc. # 293, filed 12/6/2007] (the "Defendant's Motion"); and

(2) **Centura's Motion for Discovery Related Fees** [Doc. # 311, filed 1/11/2008] (the "Plaintiff's Motion").

This was an unusually contentious case which involved numerous discovery disputes. Rule 37(a)(5), Fed. R. Civ. P., generally provides that a party prevailing on a discovery motion must be awarded its reasonable expenses incurred in connection with the motion, including attorney fees, unless the discovery dispute was substantially justified or other circumstances make an award of expenses unjust. The Advisory Committee Notes to Rule 37 caution:

> On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court.

Fed. R. Civ. P. 37(a)(4) advisory committee's note (1970 Amendment).

Dr. Gross filed the Defendant's Motion to seek fees and costs associated with three discovery motions. In what appears principally to be a defensive strategy, Centura then filed the Plaintiff's Motion in support of its argument that:

> [O]nly a small portion of Gross' arguments regarding these motions were sustained by the Court. Rule 37(a)(4)(C) states that when a motion is granted in part and denied in part, as these were, the court may apportion the expenses incurred in relation to the motion among the parties "in a just manner." Consequently, this Response is accompanied by Centura's Motion for Discovery Related Fees on these and other discovery issues.

Centura, MEC and MEC Members' Response to Robert C. Gross, D.O.'s Motion for Fees and Costs [Doc. # 310, filed 1/11/2008].

In each instance, and with respect to all of the discovery motions here at issue, I find that the discovery issues were sufficiently genuine, and the parties were sufficiently justified in bringing their respective positions to the court, so as to avoid the imposition of an award of attorney fees.

IT IS ORDERED that the Defendant's Motion [Doc. # 293] is DENIED.

IT IS FURTHER ORDERED that the Plaintiff's Motion [Doc. # 311] is DENIED.

Dated January 28, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge