IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-01366-REB- BNB

CATHOLIC HEALTH INITIATIVES, COLORADO
d/b/a CENTURA HEALTH - ST. THOMAS MORE HOSPITAL,

    Plaintiff,

v.

ROBERT C. GROSS, D.O.,

    Defendant and Third-Party Plaintiff,

v.

MEDICAL EXECUTIVE COMMITTEE OF CATHOLIC HEALTH INITIATIVES
COLORADO d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL, et al.,

    Third-Party Defendants.

## ORDER CONCERNING MOTIONS FOR RECONSIDERATION

**Blackburn, J.**

This matter is before me on the following motions: 1) plaintiff Catholic Health Initiatives' **Motion for Reconsideration** [#301], filed December 21, 2007; and 2) **Dr. Robert C. Gross, D.O.'s Motion To Reconsider Grant of Summary Judgment To Centura, MEC and MEC Members** [#306], filed December 28, 2007. No response has been filed addressing plaintiff Catholic Health Initiatives' **Motion for Reconsideration** [#301]. On January 17, 2008, the plaintiff and third-party defendants filed a joint response [#318] to Dr. Gross' motion to reconsider. I deny both motions.

The parties ask me to reconsider certain aspects of my Order Concerning Motions for Summary Judgment [#297], filed December 13, 2007. "Grounds warranting

a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." ***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). A motion for reconsideration is not appropriate when the movant seeks to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. ***Id***.

## I. CATHOLIC HEALTH INITIATIVES' MOTION FOR RECONSIDERATION

Catholic Health Initiatives, Colorado d/b/a Centura Health - St. Thomas More Hospital (Centura) seeks reconsideration of that portion of my summary judgment order in which I denied Centura's motion for summary judgment as to Dr. Gross's third counterclaim for tortious interference with existing business opportunity. Centura says it has newly discovered evidence relevant to this claim that was not known to Catholic Health until after it filed its reply [#211] in support of its motion for summary judgment on September 7, 2007. The newly discovered facts are contained in the deposition of Dr. Jeffrey Ferguson, which was taken on October 18, 2007. As noted above, new evidence that was unavailable previously is an accepted basis for a motion for reconsideration.

Dr. Gross has not responded to Centura's motion for reconsideration. In essence, Centura asks in its motion that I grant its motion for summary judgment as to Dr. Gross's third counterclaim. A party's failure to respond to a motion for summary judgment is not, by itself, a legally sufficient basis on which to grant the motion. ***Reed***

2

***v. Bennett***, 312 F.3d 1190, 1195 (10th Cir. 2002). Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id*.; Fed. R. Civ. P. 56. If the evidence produced in support of the motion for summary judgment does not meet this burden, then summary judgment must be denied even if no opposing evidentiary matter is presented. ***Adickes v. S.H. Kress & Co.***, 398 U.S. 144, 160 (1970). I apply this standard in the context of reconsideration of an order addressing a motion for summary judgment.

I have reviewed Centura's arguments and the evidence it cites in is motion for reconsideration. In particular, I have reviewed the deposition testimony of Dr. Ferguson and Dr. Gross's discovery responses. I conclude that on the current record there remains one or more genuine issues of material fact that precludes the entry of summary judgment on Dr. Gross's third counterclaim for tortious interference with existing business opportunity. Thus, Centura's motion for reconsideration should be denied.

## II. DR. GROSS'S MOTION TO RECONSIDER

Dr. Gross postures his motion to reconsider as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). No final judgment has entered in this case under Fed. R. Civ. P. 54, and, thus, Rule 59(e) is not applicable to the relief sought in Dr. Gross's motion. ***Wagoner v. Wagoner***, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991). In his motion Dr. Gross seeks to revisit a variety of issues that have been briefed already by the parties and addressed by the court. He does not cite a change in controlling law, new evidence, or anything that I view as clear error. Thus, Dr. Gross's

3

motion to reconsider should be denied.

## III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff Catholic Health Initiatives' **Motion for Reconsideration** [#301], filed December 21, 2007, is **DENIED**; and

2.  That **Dr. Robert C. Gross, D.O.'s Motion To Reconsider Grant of Summary Judgment To Centura, MEC and MEC Members** [#306], filed December 28, 2007, is **DENIED**.

Dated January 29, 2008, at Denver, Colorado.

                          **BY THE COURT:**

                          **s/ Robert E. Blackburn**
                          **Robert E. Blackburn**
                          **United States District Judge**