IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-01366-REB-BNB

CATHOLIC HEALTH INITIATIVES, COLORADO
d/b/a CENTURA HEALTH - ST. THOMAS MORE HOSPITAL,

    Plaintiff,

v.

ROBERT C. GROSS, D.O.,

    Defendant,

---

## ORDER GRANTING MOTION TO STAY AND FOR SUA-SPONTE RECONSIDERATION

**Blackburn, J.**

This matter is before me on the plaintiff **Centura's Motion To Vacate Trial and Stay Proceedings To Allow for a Mandamus Petition to the Tenth Circuit (Or for Sua Sponte Reconsideration by the Court) and for a Determination of Immunity from Suit Prior to Trial** [#334], filed February 7, 2008. I grant the motion on the terms stated below.

The motion concerns the defendant's third counterclaim against the plaintiff, Catholic Health Initiatives, Colorado d/b/a Centura Health - St. Thomas More Hospital (Centura). In his third counterclaim, Dr. Gross asserts a claim for tortious interference with his existing business opportunities at Memorial Hospital. On December 13, 2007, I entered an order [#297] denying Centura's motion for summary judgment as to Dr. Gross's third counterclaim, concluding that the record did not contain an adequate basis

to grant summary judgment on the third counterclaim. Centura then filed a Motion for Reconsideration [#301], filed December 21, 2007. In its Motion for Reconsideration Centura cited new evidence relevant to the third counterclaim and asked that I reconsider my denial of Centura's motion for summary judgment as to the third counterclaim. Centura argued in its Motion for Reconsideration that it is immune from suit on a claim such as Dr. Gross's third counterclaim under both 42 U.S.C. §§ 1111 - 1112, and §12-36.5-105(1), C.R.S. I denied the motion for reconsideration, concluding that there remained genuine issues of material fact.

In its present motion, Centura argues, *inter alia*, that I must make a determination about the applicability of these immunity statutes before proceeding to trial, and Centura again argues that it is immune from suit under these statutes. The applicability of the immunity statutes cited by Centura is a question of law for the court. Having reviewed Centura's present motion and its Motion for Reconsideration [#301], I conclude that Centura is immune from suit under the statutory provisions it cites. Therefore, I grant Centura's motion for a *sua-sponte* reconsideration of my order denying its Motion for Reconsideration, and I grant Centura's motion for summary judgment on Dr. Gross's third counterclaim, based on the evidence and authorities contained in Centura's Motion for Reconsideration [#301], filed December 21, 2007, and Centura's present motion.

I note that Dr. Gross did not file a response to Centura's Motion for Reconsideration [#301] as permitted under D.C.COLO.LCivR 7.1. In its present motion, Centura asserts essentially the same arguments and authorities that were addressed also in its motion for reconsideration. Given these circumstances, I resolve Centura's present motion without awaiting a response from Dr. Gross, as permitted by D.C.COLO.LCivR

2

7.1.C.

The evidence cited by Centura in its Motion for Reconsideration demonstrates that Memorial Hospital had initiated a peer review process concerning Dr. Gross before Memorial's Chief of Staff, Dr. Jeffery Ferguson, contacted Centura's Chief of Staff seeking information about Dr. Gross. (*Motion for Reconsideration* [#301], filed December 21, 2007, excerpts from deposition of Jeffrey Ferguson, M.D., 73:1 - 76:11). According to Dr. Ferguson, the Centura Chief of Staff who was contacted by Dr. Ferguson told Dr. Ferguson that the Centrua Chief of Staff could not provide any information about Dr. Gross's experiences at Centura. (*Centura's motion to vacate trial and stay* [#334], filed February 7, 2008, Exhibit B (deposition of Dr. Jeffrey Ferguson), 79:18 - 80:17). The undisputed facts in the record demonstrate that Dr. Ferguson's effort to seek information about Dr. Gross from Centura's Chief of Staff was part of Memorial's peer review process.

Dr. Gross detailed the facts and communications related to his third counterclaim in his response to an interrogatory from Centura. (*Motion for Reconsideration* [#301], filed December 21, 2007, Exhibit C (Dr. Gross's discovery responses), p. 3). Dr. Gross said that in January of 2005, Dr. Ferguson told Dr. Gross that one or more unidentified persons from Centura had spoken to one or more persons from Memorial and had made statements about Dr. Gross. *Id.* Dr. Gross says Dr. Ferguson told him that these statements by one or more Centura representatives "had negatively influenced Memorial's peer review of Dr. Gross." *Id.* In his deposition, Dr. Gross relayed a similar description of his conversation with Dr. Ferguson concerning statements made by one or more Centura representatives. (*Centura's motion to vacate trial and stay* [#334], filed February 7, 2008, Exhibit A (Gross deposition), 179:9 - 183:12). Dr. Gross again indicated that he was told

3

by Dr. Ferguson that statements made by one or more Centura representatives were, in part, a basis for Dr. Gross's suspension at Memorial. *Id.*, 181:9 - 182:8.

Dr. Gross's third counterclaim is based on his allegation that members of Centura's administration and/or medical staff made disparaging and false statements about Dr. Gross to Memorial Hospital employees and medical staff members. The only evidence in the record that demonstrates that any statements were made by a Centura representative to a Memorial representative concerning Dr. Gross is the deposition testimony of Dr. Ferguson, the deposition testimony of Dr. Gross, and Dr. Gross's discovery response, cited above. The depositions and Dr. Gross's discovery response all indicate that statements allegedly made by a Centura representative had an effect on Memorial's peer review of Dr. Gross. In his interrogatory response, Dr. Gross repeatedly says that statements by Centrua "negatively influenced Memorial's peer review of Dr. Gross." Dr. Ferguson's testimony indicates that he sought a statement from a Centura representative as part of Memorial's peer review process.

Section 12-36.5-105(1), C.R.S., provides as follows:

A member of a professional review committee, a witness before a professional review committee, or any person who files a complaint or otherwise participates in the professional review process shall be immune from suit in any civil or criminal action, including antitrust actions, brought by a physician who is the subject of the review by such professional review committee, if such member made a reasonable effort to obtain the facts of the matter as to which he acted, acted in the reasonable belief that the action taken by him was warranted by the facts, and otherwise acted in good faith within the scope of such professional review committee process and if such witness or participant acted in good faith within the scope of such professional review committee process.

The undisputed facts in the record demonstrate that any statements made by a Centura representative to Dr. Ferguson were made as part of Memorial's professional review

4

process concerning Dr. Gross. Similarly, to the extent any statements were made by a Centura representative to any Memorial representative other than Dr. Ferguson, Dr. Gross's discovery response indicates that these statements were part of Memorial's peer review process.

Centura and its representative are "immune from suit in any civil . . . action . . . brought by a physician who is the subject of the review by such professional review committee . . . ." Nothing in the record indicates that the exceptions on such immunity provided in the statute, such as a failure to make a reasonable effort to obtain facts or a failure to act in good faith, might defeat immunity in this particular case. Centura is immune from suit on Dr. Gross's third counterclaim under §12-36.5-105(1), C.R.S.

Similarly, 42 U.S.C. §§ 11111 - 11112 provide conditional immunity for participants in a professional review action. These statutes are part of the Health Care Quality Improvement Act (HCQIA). "The HCQIA creates a rebuttable presumption in favor of immunity, and the plaintiff has the burden of proving by a preponderance of the evidence that the peer review process was not reasonable. 42 U.S.C. § 11112(a)." ***North Colorado Medical Center, Inc. v. Nicholas***, 27 P.3d 828, 838 (Colo. 2001). Nothing in the record indicates that Memorial's peer review process concerning Dr. Gross was not reasonable. Dr. Gross has not overcome the presumption in favor of immunity under 42 U.S.C. § 11111. Centura is immune from Dr. Gross's claim for damages, as stated in his third counterclaim against Centura, under 42 U.S.C. § 11111.

The undisputed facts in the record of this case show that Dr. Gross's third counterclaim against Centura is based on statements made by one or more Centura representatives as part of Memorial Hospital's professional review process concerning Dr.

5

Gross. Dr. Gross has not come forward with any evidence indicating that the statements allegedly made by one or more Centura representatives to Memorial Hospital representatives were made outside of the peer review process or are otherwise not covered by the immunity statutes discussed above. Viewing the evidence in the record in the light most favorable to Dr. Gross, I must conclude that under §12-36.5-105(1), C.R.S., Centura is immune from suit on claims such as that asserted by Dr. Gross in his third counterclaim. In addition, Centura is immune from Dr. Gross's claim for damages, as asserted in his third counterclaim, under 42 U.S.C. §§ 1111 - 1112. Because of this immunity under state and federal law, Centura is entitled to summary judgment on Dr. Gross's third counterclaim against Centura.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Centura's Motion To Vacate Trial and Stay Proceedings To Allow for a Mandamus Petition to the Tenth Circuit (Or for Sua Sponte Reconsideration by the Court) and for a Determination of Immunity from Suit Prior to Trial** [#334], filed February 7, 2008, is **GRANTED** on the terms stated in this order;

2. That my **Order Concerning Motions for Reconsideration** [#330], filed January 29, 2008, is **VACATED** to the extent that I denied Centura's **Motion for Reconsideration** [#301], filed December 21, 2007;

3. That otherwise my **Order Concerning Motions for Reconsideration** [#330], filed January 29, 2008, **SHALL REMAIN** in full force and effect;

4. That Centura's **Motion for Reconsideration** [#301], filed December 21, 2007, is **GRANTED** on the terms stated in this order;

5. That my **Order Concerning Motions for Summary Judgment** [#297], filed

December 13, 2007, is **VACATED** to the extent that I denied **Centura's Motion for Summary Judgment on Gross' Counterclaims and Centura's Claim** [#168], filed July 31, 2007, as to Dr. Gross's third counterclaim, asserting a claim for tortious interference with existing business opportunity;

6. That otherwise my **Order Concerning Motions for Summary Judgment** [#297], filed December 13, 2007, **SHALL REMAIN** in full force and effect;

7. That **Centura's Motion for Summary Judgment on Gross' Counterclaims and Centura's Claim** [#168], filed July 31, 2007, is **GRANTED** as to Dr. Gross's third counterclaim, asserting a claim for tortious interference with existing business opportunity, based on Centura's immunity from suit under §12-36.5-105(1), C.R.S., and Centura's immunity from Dr. Gross's claim for damages under 42 U.S.C. §§ 1111 - 1112;

8. That Dr. Gross's third counterclaim, asserting a claim for tortious interference with existing business opportunity, is **DISMISSED** with prejudice;

9. That the Trial Preparation Conference set for February 8, 2008, at 1:30 p.m. is **VACATED**; and

10. That the trial set to commence Monday, February 25, 2008, at 8:30 a.m. (MST), is **VACATED**.

Dated February 12, 2008, at Denver, Colorado.

                **BY THE COURT:**

                s/ Robert E. Blackburn
                **Robert E. Blackburn**
                **United States District Judge**