# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 06-cv-01366-REB- BNB

CATHOLIC HEALTH INITIATIVES, COLORADO
d/b/a CENTURA HEALTH - ST. THOMAS MORE HOSPITAL,

    Plaintiff,

v.

ROBERT C. GROSS, D.O.,

    Defendant and Third-Party Plaintiff,

v.

MEDICAL EXECUTIVE COMMITTEE OF CATHOLIC HEALTH INITIATIVES
COLORADO d/b/a CENTURA HEALTH-ST. THOMAS MORE HOSPITAL, et al.,

    Third-Party Defendants.

## ORDER GRANTING MOTION TO AMEND JUDGMENT

**Blackburn, J.**

    This matter is before me on the **Motion To Amend Judgment** [#355][1] filed by the plaintiff and third party defendants on June 9, 2008. The defendant and third party plaintiff filed a response [#356], and the plaintiff and third party defendants filed a reply [#357]. I grant the motion.

    FED. R. CIV. P. 59 provides that a party may move "to alter or amend a judgment" in a motion filed within ten days of the judgment. Rule 59 permits a court to "open the judgment if one has been entered, . . . make new findings and conclusions, and direct

---

[1] "[#355]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

the entry of a new judgment. The primary bases for a motion under Rule 59(e) are

> (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

On December 13, 2007, I entered an order [#297] granting the plaintiff's motion for summary judgment [#126] on all claims, except for one counterclaim, and granting the third-party defendants' motions for summary judgment [#125 & #127]. On February 12, 2008, I entered an order [#335] granting the plaintiff's motion for summary judgment [#126] as to the one counterclaim that remained pending in this case as of that date. On May 21, 2008, I entered an order [#351] granting the plaintiff's motion for an award of attorney fees and costs [#307]. On May 23, 2008, the Clerk of the Court entered Judgment [#352] in favor of the plaintiff and the third-party defendants against the defendant, based on my orders addressing the summary judgment motions and on my order grating the plaintiff's motion for an award of attorney fees. The plaintiff is Catholic Health Initiatives, Colorado d/b/a Centura Health - St. Thomas More Hospital (Centura).

My award of attorney fees to the plaintiff was based on a provision in a promissory note executed by the defendant in favor of Centura. That provision says,

> The Maker agrees to pay, to the extent permitted by law, all costs and expenses incurred by Holder in connection with the collection and enforcement of this Note, including, but not limited to, expenses and reasonable attorneys' fees to the extent permitted by applicable law, irrespective of whether any suit or security foreclosure or court proceeding has been commenced.

*Brief in Support of Award of Attorney's Fees and Costs* [#307], filed January 3, 2008, Exhibit A (Promissory Note). In my order [#351] I awarded to Centura all of the

reasonable costs and attorney fees incurred by Centura in the collection and enforcement of the note through December 31, 2007. The total award of fees and costs was $290,869.68.

In its initial motion for an award of attorney fees [#307], filed January 3, 2008, Centura sought an award of fees and costs it had incurred through December 31, 2007. Again, I have awarded those fees and costs to Centura, and the amount of those fees and costs is included in the Judgment [#352]. Centura noted in their initial motion that it likely would incur additional fees and costs and it would seek to supplement its motion to reflect any additional fees and costs incurred. In its present motion, Centura argues that it has incurred additional fees and costs subsequent to December 31, 2007, which should be included in the judgment. Centura has included with its present motion detailed documentation of the additional fees and costs that it seeks to have included in an amended judgment. These fees and costs cover the time period from January 2, 2008, through May 31, 2008. Of course, evidence demonstrating these fees and costs was not available when Centura filed its motion for an award of attorney fees [#307], filed January 3, 2008.[2]

I conclude that the fees and costs documented in the present motion readily fall within the fees and costs provision of the relevant promissory note, which provision is quoted above. Evidence demonstrating these fees and costs was not available when Centura filed its initial motion for an award of attorney fees [#307], filed January 3, 2008. Under Rule 59(e)(2), I order that the Judgment [#352] in this case be amended based on this evidence that previously was unavailable. I conclude that the arguments

---

[2] I note that Centura filed an **Affidavit of Mark L. Sabey** [#339] on February 2, 2008, in which additional fees and costs were documented. It appears that I did not consider this affidavit in making my initial award of attorney fees [#351] because the affidavit did not appear as a pending motion.

3

advanced by the defendant in his opposition [#356] to the present motion are unavailing.

Any determination of reasonable attorneys fees starts with a calculation of the "lodestar" amount. **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." **Hensley**, 461 U.S. at 433. The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable. **Homeward Bound, Inc. v. Hissom Memorial Ctr.**, 963 F.2d 1352, 1355 (10th Cir. 1992). A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. **Blum v. Stenson**, 465 U.S. 886, 895 (1984).

I have reviewed carefully the detailed billing records submitted by counsel for Centura. *Motion To Amend Judgment* [#355], filed June 9, 2008, Affidavit of Mark L. Sabey & Exhibit 1 to affidavit. I find that the number of hours spent on this litigation by counsel for Centura from January 2, 2008, through May 31, 2008, is reasonable. The hourly rates reflected in the detailed exhibit attached to Mr. Sabey's affidavit are reasonable when considered in the context of the Denver, Colorado, market. The documentation submitted by Centura shows a correct multiplication of the number of hours by the relevant hourly rates for those doing the work. In short, the lodestar amount of $39,932.09 proposed by Centura for the period from January 2, 2008, through May 31, 2008, is reasonable. When this amount is added to the total amount of my previous award of fees and costs, which was $290,869.68, the total award of fees and costs is $330,801.77. I order that the Judgment [#352] in this case be amended to include this new total award of fees and costs.

Centura asks also that the Judgment be amended to clarify that the statutory

4

post-judgment interest rate of 2.09 percent applies only to the award of fees and costs, and does not modify the applicable contractual rate of 9.25 percent on the principal amount awarded in the judgment. This clarification would not alter the effect of the judgment, but would clarify the terms of the original judgment [#352]. Under FED. R. CIV. P. 60(a), I find that such a correction to the judgment is merited. I order that such a correction be made in the amended judgment, and I specify the language to be used in paragraph ten of the amended judgment, below.

Additionally, the court, on its own motion, notes that the original judgment [#352] in this case did not specify all of the orders on which the judgment was based. Specifically, my Order Granting Motion To Stay and For Sua-sponte Reconsideration [#335], field February 12, 2008, was not specified in the original judgment. Under FED. R. CIV. P. 60(a), I find that the all of the relevant orders should be specified in the amended judgment. I order that the order docketed as [#352] and the present order be included in the initial paragraph of the amended judgment.

Finally, the court notes on its own motion that paragraph five (5) of the original judgment [#352] specifies that the amount awarded in that paragraph reflects reasonable attorney fees, but does not specify that the amount awarded includes also reasonable costs. I order that paragraph five (5) in the amended judgment specify that the amount awarded in that paragraph is an award of reasonable attorney fees and costs.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Amend Judgment** [#355] filed June 9, 2008, is **GRANTED**;

2. That an **AMENDED JUDGMENT SHALL ENTER**, which shall include each of

5

the terms stated in the original judgment [#352] with the amendments specified in this order;

3.  That the opening paragraph of the Amended Judgment **SHALL SPECIFY** the orders docketed at docket numbers [#297, #335, #351], as well as this order, each specified by the title stated in the caption and by docket number, as the basis for the Amended Judgment;

4.  That paragraph five (5) of the Amended Judgment **SHALL SPECIFY** that Centura is awarded reasonable attorney fees and costs in the amount of $330,801.77, which amount shall be substituted for the amount reflected in paragraph five (5) of the original Judgment [#352], which amount was $290,869.68;

5.  That paragraph ten (10) of the Amended Judgment **SHALL SPECIFY** as follows: That post-judgment interest on the award of attorney fees and costs in paragraph five (5), above, shall accrue at the legal rate of 2.09 percent from the date of entry of the original Judgment [#352] in this case, which date is May 23, 2008;

6.  That to the extent plaintiff and third party defendants request other amendments to or corrections of the Judgment [#352] in this case, those requests are **DENIED**.

Dated March 6, 2009, at Denver, Colorado.

                                        **BY THE COURT:**

                                        */s/ Robert E. Blackburn*
                                        Robert E. Blackburn
                                        United States District Judge